IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDY PERKINS,

    Plaintiff,

v.                                                            No: 2:21-cv-01154 GBW-SMV

OFFICER PHILLIP VILLARREAL,
CITY OF ALAMOGORDO,
and JOHN DOES,

    Defendants.

## CONFIDENTIALITY ORDER AND ORDER PERMITTING THE FILING OF DOCUMENTS UNDER SEAL

Pursuant to Federal Rules of Civil Procedure 26(c) and 5.2(f), the parties agree to the entry of this Confidentiality Order and Order Permitting the Filing of Documents under Seal. Having reviewed Defendants' Unopposed Motion for Confidentiality Order and Order Permitting the Filing of Documents Under Seal, and being fully advised, the Court finds that:

During the course of discovery, it may be necessary to produce certain information that should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals or related proceedings involving a party. The parties agree to entry of a confidentiality order to limit the dissemination and use of certain identified categories of confidential information, as set forth below.

Pursuant to Rules 26(c) and 5.2(e), (f) and for good cause shown, the Court grants Defendants' Unopposed Motion for Confidentiality Order and Order Permitting the Filing of Documents Under Seal, and hereby orders, subject to Paragraph 8 of this Confidentiality Order providing the right to challenge the designation of specific documents or information as confidential, as follows:

**1. Scope.** All documents and materials produced in the course of discovery of this case, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), including motion practice are subject to this Confidentiality Order.

**2. Definition of Confidential Information**. As used in this Confidentiality Order, "Confidential Information" includes:

(a)  Medical records, including psychological records of current or former employees of the City of Alamogordo, including without limitation, current or former law enforcement officers, including without limitation, Defendant Philip Villareal;

(b)  Records of current and former employees of the City of Alamogordo, including without limitation, current or former law enforcement officers, containing employee evaluations, opinions on employee performance, or disciplinary actions; and

(c) References, including written and verbal, to information identified in Paragraphs 2(a) and 2(b) above.

**3.     Form and Timing of Designation**. All documents and information described in Paragraphs 2(a) - 2(c)) shall be deemed subject to this Confidentiality Order and marked "CONFIDENTIAL INFORMATION" on the document and on all copies in a manner that will not interfere with the legibility of the document.

**4.     Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Confidentiality Order, so long as a claim of confidentiality is asserted after discovery of the inadvertent failure.

5. **Depositions.** Deposition testimony or exhibits will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

   (a) **General Protections**. Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one or more of the parties to this litigation.

   (b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons in the course and scope of their duties related to this case:

   (i) The parties to this litigation, including any employees, agents, and representatives of the parties;

   (ii) Counsel for the parties and employees and agents of counsel;

   (iii) The court and court personnel, including any special master appointed by the court, and members of the jury;

   (iv) Court reporters, recorders, and videographers engaged for depositions;

   (vi) Any mediator or settlement facilitator appointed by the court or jointly selected by the parties;

   (vii) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have been provided with a copy of this Confidentiality Order;

(viii) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent of showing such confidential documents or information to them for the purpose of assisting the witness in recalling, relating, or explaining facts or in testifying without allowing them to keep or retain a copy of the confidential documents or information in their possession, and only after such persons have been provided with a copy of this Confidentiality Order;

(ix) The author or recipient of the document (not including a person who only received the document in the course of the litigation);

(x) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(xi) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents.** The parties and their counsel must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Confidentiality Order. The individual parties may review documents designated as containing Confidential Information but may not have copies of such documents.

**(d) Documents and Copies of Documents**. As used in this Confidentiality Order, "documents" refers to the original document and all copies of such document. "Copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.

7. **Filing of Confidential Information.** In the event a party seeks to file any document containing Confidential Information subject to protection under this Confidentiality Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) redacting the Confidential Information prior to filing; and (b) filing under seal an unredacted copy of the document containing Confidential Information pursuant to this Confidentiality Order. This Confidentiality Order permits a party to file a document under seal.

8. **Challenges to a Confidential Designation**. The designation, either by the terms of this Confidentiality Order, or by any party, of any information or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith with opposing counsel to attempt to resolve the objection informally. A party that thereafter elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Confidentiality Order.

9. **Use of Confidential Documents or Information at Trial or Hearing**. The terms of this Confidentiality Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, materials containing Confidential Information may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, at the time the party's exhibit lists for trial is due, to opposing counsel of the intended use of the confidential document. Any party may move the Court

for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing. A party who anticipates seeking testimony regarding Confidential Information at trial shall notify the Court and opposing counsel prior to eliciting such testimony.  Any party or the Court may move for an order seeking appropriate protection relating to such testimony.

10. **Obligations on Conclusion of Litigation.**

The parties agree that the provisions of this Confidentiality Order will remain binding on them until and unless the parties mutually agree to terminate its protection, or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the Confidentiality Order.

11. **Order Subject to Modification**. This Confidentiality Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Confidentiality Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination**. This Confidentiality Order is entered for the purpose of facilitating discovery. Nothing in this Confidentiality Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13. **Persons Bound by Confidentiality Order**. This Confidentiality Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Confidentiality Order by its terms.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge

Submitted by:

*German, Burnette & Associates, LLC*

*/s/ Elizabeth L. German*
Elizabeth L. German
Lindsay F. Van Meter
Alexander W. Tucker
11728 Linn Ave. NE
Albuquerque, NM 87123
(505) 292-9676
Beth@germanassocaites.com
Lindsay@germanassociates.com
Alex@germanassociates.com
*Attorneys for Defendants Officer Philip Villarreal and City of Alamogordo*

Approved by:

| | |
|---|---|
| JACKSON LAW, LLC | *Garrett & Smith, LLC* |
| *Approved on March 10, 2022* | *Approved on March 10, 2022* |
| Wesley Jackson | Taylor Smith, Esq. |
| 1121 4th St. NW, Ste. 1A | 6739 Academy Rd. NE, Suite 350 |
| Albuquerque, NM 87102 | Albuquerque, NM 87109 |
| (505) 881-7676 | (505) 242-1920 |
| Wes@legalactionnm.com | tayor.garrettlaw@gmail.com |
| *Co-Counsel for Plaintiff* | *Co-counsel for Plaintiff* |

and